UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Donnie Ray Hamm, ) | |
| ) | C/A No.: 8:12-cv-01268-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) DSC, and issued on August 7, 2013. Donnie Ray Hamm ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Defendant, Commissioner of Social Security ("the Commissioner"), to deny Plaintiff's claims for Disability Insurance Benefits. The Magistrate Judge recommends that the Commissioner's decision be reversed, and that this matter be remanded for an award of benefits.

**Procedural Background**

Plaintiff applied for Disability Insurance Benefits on October 13, 2005, alleging disability beginning on March 20, 2003 due to physical limitations related to back, neck, and leg pain along with memory problems and headaches. *See* ECF Nos. 1 & 25. The Social Security Administration ("the Administration") denied the application initially on January 12, 2006 and upon reconsideration on July 27, 2006. *See* ECF

Page 1 of 12

No. 1. Plaintiff filed a Request for Hearing on August 25, 2006. *See* ECF No. 28. The administrative law judge ("ALJ"), Ivar E. Avots, conducted a *de novo* hearing on October 24, 2008, *see id.*, and issued a decision denying benefits on March 2, 2009. *See* ECF No. 1. ALJ Avots found that Plaintiff was not under a disability, as required by the Social Security Act ("the Act"), from the alleged onset date through the date of the decision because Plaintiff retained certain residual functional capacity ("RFC") and there existed a significant number of jobs in the national economy which Plaintiff could still perform. *See* ECF No. 28. On September 2, 2009, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, *see* ECF No. 1, thereby making the determination of the ALJ the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff then filed a civil action in United States District Court for the District of South Carolina. *See* ECF No. 1.

After ALJ Avots' decision, and prior to Plaintiff's insured status expiring on March 31, 2009, Plaintiff filed a second application for disability insurance benefits. *See id.* This second application was also denied initially and on reconsideration. *See id.* At Plaintiff's request, a hearing for the second application for benefits was held on April 22, 2010 before ALJ Alice Jordan. *See id.* ALJ Jordan then issued an order on June 17, 2010 finding that Plaintiff was disabled from March 3, 2009, the day after ALJ Avots' order on the first application for benefits, onward and awarded benefits continuing from this date. *See id.*

On September 23, 2010, United States Magistrate Judge Robert S. Carr issued an Order reversing the Commissioner's decision on Plaintiff's first application for disability insurance benefits and remanding the case to the Commissioner to

make a "full and fair evaluation" of Plaintiff's claimed disability and entitlement to benefits during the time frame involved in the first application. *See id.* On October 18, 2010, as a result of the Magistrate Judge's ruling, a Notice of Order of Appeals Council was issued remanding the case to the ALJ. *See id.* Another hearing on Plaintiff's first application for disability insurance benefits was held on May 17, 2011 before ALJ Avots, and, on September 21, 2011, the ALJ once again found Plaintiff was not disabled for the period of March 20, 2003 through March 2, 2009.[1] *See* ECF Nos. 1 & 28. Plaintiff appealed this decision to the Appeals Council, Office of Disability Adjudication and Review; however, the Appeals Council denied Plaintiff's appeal and adopted the ALJ's decision on March 14, 2012. *See* ECF No. 1. Plaintiff filed the current action in the United States District Court on May 14, 2012. *Id.*

Under established procedure in this judicial district, Magistrate Judge Jacquelyn D. Austin made a careful review of the complaint pursuant to the procedural provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. *See* ECF No. 28. In making her decision, Magistrate Judge Austin additionally considered Plaintiff's Brief, ECF No. 23, Defendant's Brief, ECF No. 25, and Plaintiff's Response Brief, ECF No. 26. In the Report and Recommendation filed August 7, 2013, the Magistrate Judge concludes that the ALJ's findings are not supported by substantial evidence and recommends that the decision be reversed and the case be remanded for an award of benefits during the period of March 20, 2003—the alleged onset of disability date—to March 2, 2009. ECF No. 28. Defendant filed an Objection to the Magistrate Judge's Report and Recommendation on August 26, 2013. ECF

---

[1] March 2, 2009 is the final day involved in this proceeding because the time period alleged in Plaintiff's second application for disability insurance benefits, which was granted by ALJ Jordan, began on March 3, 2009.

No. 32. For the reasons stated below, the Report and Recommendation of Magistrate Judge Austin is adopted in its entirety, and the decision of the Commissioner is REVERSED and REMANDED.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam).

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's

proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The Commissioner filed timely objections on August 26, 2013.  ECF No. 32.

      The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Courts may modify or reverse a decision of the Commissioner "with or without remanding the case for a rehearing" when the decision "is in clear disregard of the overwhelming weight of the evidence." *Vitek*, 438 F.2d at 1158 (quoting 42 U.S.C. § 405(g)).

## **Discussion**

Defendant Carolyn W. Colvin, as Acting Commissioner of Social Security, makes two objections to the Magistrate Judge's Report and Recommendation. First, that the ALJ's credibility evaluation of Plaintiff is supported by substantial evidence. ECF No. 32. Second, that even if this Court should find error in the ALJ's determinations, that the proper remedy for such errors is to remand for further proceedings. *Id.* The Court shall deal with these two objections separately.

Defendant's Credibility Objection

The ALJ's credibility determination is based on all evidence contained in the record, and the ALJ must refer specifically to the evidence in the record and the weight that is given to that evidence when not crediting a disability claimant's testimony about pain. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). This analysis requires the ALJ to compare the Plaintiff's claims of pain against the objective medical evidence as well as all other evidence, in order to see if there are inconsistencies prior to discrediting the allegations. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

In *Craig*, the Fourth Circuit Court of Appeals described a two-prong analysis for evaluating subjective reports of pain. *Id.* at 594. First, there must be objective evidence of physical or mental impairment that could reasonably be expected to produce pain of the type, severity, and persistence which the claimant is alleging. *Id.* Then, and only then, the ALJ may consider the entire record, including both objective and subjective evidence, to assess the credibility of the severity of the subjective reports of pain. *Id.* at 595.

In this case, the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." However, the ALJ further found Plaintiff's statements regarding the "intensity, persistence, and limiting effects" of his impairments to not be credible because of inconsistencies with the residual functional capacity assessment. Soc. Sec. Admin. R. (Vol. 2 of 3): Addendum Docs. Related to Admin. Process 47, ECF No. 14-1.

Defendant argues that the ALJ's credibility determination that Plaintiff's reports of pain were inconsistent with his limitations is supported by substantial evidence and disagrees with the Magistrate Judge's finding that the ALJ failed to provide sufficient explanation and, thus, improperly discounted Plaintiff's pain. ECF No. 32. Defendant points to three specific occasions in the record where doctors questioned Plaintiff's reports of pain as valid reasons identified by the ALJ for discounting Plaintiff's subjective complaints:  (1) Dr. Kopera's questioning of Plaintiff's pain based on an unimpressive MRI, Soc. Sec. Admin. R. (Vol. 1 of 3): Addendum Medical Records (Part 1) 71, 74, ECF No. 13-7; (2) inconsistency between Plaintiff's lumbar spine range of motion and straight leg raise tests during functional capacity evaluation, *id.*

at 67; and (3) Dr. Kopera's suspicion regarding Plaintiff's report of pain at a ten out of ten level based on Plaintiff's outward appearance. *Id.* at 70.  The latter two instances were specifically referenced in ALJ Avots' September 21, 2011 decision, which listed in one paragraph the following reasons to support his conclusion that Plaintiff had residual functioning capacity and that his claims were not credible: inconsistencies among Plaintiff's lumbar spine range of motion and the straight leg raise test; Plaintiff's noncompliance on verbal parts of testing; Plaintiff's ability to sit calmly during the hearing despite allegations of extreme pain; Dr. Kopera's observation that, although Plaintiff claimed to be experiencing ten out of ten pain, Plaintiff did not appear to be in that amount of pain; and variant findings during the testing process. Soc. Sec. Admin. R. (Vol. 2 of 3): Addendum Docs. Related to Admin. Process 49, ECF No. 14-1.

In this case, the ALJ clearly did not properly discuss the factors contained in 20 C.F.R. § 404.1529(c)(3) for analyzing subjective complaints of pain.  *See* 20 C.F.R. § 404.1529(c)(3) (listing seven factors the ALJ is to consider when evaluating pain since "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone.").  Instead, as discussed above, the ALJ included one paragraph briefly listing several instances that he found "suggest[ed] possible exaggeration."  Soc. Sec. Admin. R. (Vol. 2 of 3): Addendum Docs. Related to Admin. Process 49, ECF No. 14-1.  These select instances cited by the ALJ, which show only the possibility of exaggeration, do not provide substantial evidence that Plaintiff was exaggerating his pain given Plaintiff's own statements of pain and the statements made by his treating physicians corroborating his claims.

Therefore, this Court agrees with the Magistrate Judge's determination that the ALJ's decision to discredit Plaintiff's credibility, specifically Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his pain, is not supported by substantial evidence.

<u>Defendant's Remand Objection</u>

Defendant argues that even if this Court disagrees that the ALJ's credibility determination and weighing of medical evidence is supported by substantial evidence, then the appropriate remedy would be to order remand for additional proceedings, rather than merely reversing and ordering an award of benefits. ECF No. 32. Defendant points to the provisions of the Social Security Act that provide the claimant must be under a "disability", a term defined by the Act, in order to receive benefits. 42 U.S.C. §423; *Briscoe v. Barnhart*, 425 F.3d 345, 356-57 (7th Cir. 2005) ("It remains true that an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability.").

As stated above, Congress has conferred the statutory authority upon this Court to decide whether remand is necessary when reversing a decision of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."). Reversal without remanding for a rehearing is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when

reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012, (4th Cir. 1974).

Like *Breeden*, where the Court reversed without remanding, this case involves a claim that has been pending in the agency and the courts for a prolonged period of time and was previously remanded. In this case, Plaintiff originally applied for disability insurance benefits on October 13, 2005 and has yet to reach a final resolution. While delay alone is not a sufficient ground under the statute to award benefits, the record in this case clearly will not be aided by additional information on remand as this case has already been remanded for further administrative action, including additional evaluation of disability and entitlement to benefits during the period in question, once previously. Moreover, when the question of employment was posed to the vocational expert, the vocational expert opined that a person of Plaintiff's physical limitations and functional abilities would be unable to secure any job in the economy. Soc. Sec. Admin. R. (Vol. 3 of 3): Addendum Docs. Related to Admin. Process 46–47, ECF 15-2.

Remanding this case for further proceedings and additional evidence would serve no purpose. This Court disapproves of the flippant manner in which the ALJ has treated this case. This is especially true given the order from ALJ Jordan on Plaintiff's second application for disability benefits which found the Plaintiff to be disabled from the day after ALJ Avots' order on the first application for benefits. Magistrate Judge Carr then reversed the decision of ALJ Avots on the first application for disability benefits and gave the ALJ another opportunity on remand to properly address this matter. ALJ Avots reached the same conclusion as before, and now

Magistrate Judge Austin has recommended reversing ALJ Avots again.  This Court advises the ALJ to take notice of the persons legally involved in the decision-making process, and this Court admonishes the ALJ to show more respect for the views and decisions of the Magistrate Judge until such time as the ALJ is appointed United States District Judge.  The ALJ is ordered to follow Magistrate Judge Austin's Report and Recommendation regardless of whether he approves of the findings of fact and conclusions of law.  Simply put, this Court will not permit him to handle this matter to suit his own personal beliefs.  ALJ Avots has already had two opportunities to evaluate the evidence provided and has not done so in a manner that this Court finds to be acceptable or sufficient under the applicable law and administrative regulations.  Based upon the above-mentioned reasoning, it is the decision of this Court to adopt the Magistrate Judge's recommendation that judgment be entered reversing the decision of the Commissioner and awarding disability insurance benefits to Plaintiff as further proceedings in this matter are not appropriate.

## Conclusion

After a review of the Magistrate Judge's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings.  Accordingly, the Report and Recommendation is accepted and adopted by this Court.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be REVERSED and the case REMANDED to the Commissioner for an award of Disability Insurance Benefits to Plaintiff for the period of disability from March 20, 2003 through March 2, 2009, pursuant to 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

September  17 , 2013
Anderson, South Carolina