UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Donnie Ray Hamm, ) | |
| ) | C/A No.: 8:12-cv-01268-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before this Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on December 3, 2013.[1]  ECF No. 38.  In this Motion, Plaintiff requested attorney's fees in the amount of $20,367.90, representing 111.30 hours at a rate of $183.00 per hour. ECF No. 38-1.  Defendant responded, stating that Plaintiff is actually seeking "an award of attorney's fees accrued in two separate suits regarding his disability claims." ECF No. 44.  Thus, this Court will address Plaintiff's request as to each lawsuit.

The first case, C/A No.: 2:09-cv-02836-RSC, filed in 2009, resulted in the reversal of the Commissioner of Social Security's decision to deny benefits to Plaintiff and a remand of the case for further proceedings on September 23, 2010.  *Id.* Defendant argues that $9,761.58 of Plaintiff's requested fees relate to this 2009 suit, and urges this Court to deny Plaintiff's request as untimely because the EAJA requires a party to "submit to the court his application for fees and other expenses 'within thirty days of final judgment.'"  *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)).

---

[1] Defendant correctly notes that "EAJA fees awarded by this Court belong to the Plaintiff" and "should be awarded as payable to Plaintiff and not to Plaintiff's attorney."  ECF No. 44; *see Astrue v. Ratliff*, 560 U.S. 586 (2010).

The second case, C/A No.: 8:12-cv-01268-GRA, filed in 2012, concluded in this Court reversing the Commissioner of Social Security decision to deny benefits to Plaintiff and remanding the case for payment of benefits on September 17, 2013. *Id.* Defendant argues that $11,476.40 of Plaintiff's requested fees relate to this second case and "does not object to an award of attorney's fees and costs . . . that were accrued in connection with the 2012 suit." *Id.*

Plaintiff, in his reply, "agrees that the allocation of attorney's fees and costs set forth in the Defendant's response . . . is correct." ECF No. 45. In addition, Plaintiff "concedes that his motion for attorney's fees and cost[s] relative to the 2009 action was not timely pursuant to the Equal Access to Justice Act" and only seeks an award for "attorney's fees and costs in the amount of $11,476.40 for the 2012 action." *Id.* This request is timely because this Court's September 17, 2013 Order and Judgment, remanding for the immediate payment of benefits, became final and not appealable sixty days later on November 16, 2013. Fed. R. App. P. 4(a)(1)(B). Plaintiff then had thirty days to request attorney's fees. 28 U.S.C. § 2412(d)(1)(B). Therefore, Plaintiff's request for attorney's fees and costs filed on December 3, 2013 was timely.

Accordingly, after reviewing the record, Plaintiff's Motion, and Defendant's response, this Court finds that an award of attorney's fees pursuant to the EAJA for the 2012 suit is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded eleven thousand four hundred seventy-six dollars and forty cents ($11,476.40) in attorney's fees.

**IT IS SO ORDERED.**

_G. Ross Anderson, Jr._
G. Ross Anderson, Jr.
Senior United States District Judge

January  28 , 2014
Anderson, South Carolina