UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John M. O'Rourke,  )<br>  )<br>     Petitioner,  )<br>  )<br>In re:  )<br>  )<br>Donnie Ray Hamm,  )<br>  )<br>     Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>Carolyn W. Colvin, Acting  )<br>Commissioner of Social Security,  )<br>  )<br>     Defendant.  )<br>_____ ) | C/A No.: 8:12-cv-01268-GRA<br><br>**ORDER**<br>(Written Opinion) |

  This matter comes before this Court on Petitioner's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), filed on December 5, 2013. ECF No. 42. Petitioner, who served as attorney to Plaintiff in the underlying case, seeks $10,000.00 for 111.30 hours of services. *Id.* Petitioner states that "the Social Security Administration is withholding twenty-five (25%) percent of the accrued benefits due the Plaintiff in this case in the amount of $17,384.25," pending this Court's determination of an appropriate amount due to Petitioner for his services. *Id.*

  Petitioner filed an Amendment to his Motion on December 30, 2013. ECF No. 46. In this Amendment, Petitioner explains that he has actually represented Plaintiff in two district court actions: C/A No.: 2:09-cv-02836-RSC ("the 2009 case"), resulting in an Order reversing the Commissioner of Social Security's denial of benefits and remanding for further proceedings, ECF No. 15; and, C/A No.: 8:12-cv-01268-GRA

("the 2012 case"), resulting in an Order reversing the Commissioner of Social Security's denial of benefits and remanding for payment of benefits, ECF No. 35. Thus, Petitioner seeks an allocation of attorney's fees and costs between the 2009 case and the 2012 case. ECF No. 46. Petitioner suggests "that the requested amount of $10,000.00 be allocated $4,500.00 to the 2009 action and $5,500.00 to the 2012 action." ECF No. 46-1.

In the 1985 Amendments to the Equal Access to Justice Act ("EAJA"), Congress specified that, if a claimant's attorney received attorney's fees under both the EAJA and section 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Pub. L. No. 99-80 § 3, 99 Stat. 186 (1985)). Attorney's fees were sought and awarded by this Court for the 2012 case pursuant to the EAJA, 28 U.S.C. § 2412(d). Therefore, an award of attorney's fees under Section 406(b) requires Petitioner to refund his client the amount of the smaller fee.

Defendant has not taken a position on Petitioner's "request for an award of attorney fees under section 406(b)," since Petitioner's request "is limited to no more than 25 percent of the award of past due benefits," and Petitioner acknowledges that the amount of the smaller fee must be returned to Plaintiff. ECF No. 47.

Accordingly, after reviewing the record, Petitioner's Motion, and Defendant's response, this Court finds that an award of attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of $10,000.00 is appropriate and reasonable. Furthermore, this Court adopts Petitioner's suggested allocation of attorney's fees, and finds $4,500.00 for the 2009 case and $5,500.00 for the 2012 case to be appropriate.

**IT IS THEREFORE ORDERED** that Defendant pay Petitioner ten thousand dollars ($10,000.00) out of Plaintiff's award.  This amount is allocated $4,500.00 to the 2009 action and $5,500.00 to the 2012 action.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January  28 , 2014
Anderson, South Carolina